## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

FRESENIUS KABI USA, LLC,

               Plaintiff,

    v.

PAR STERILE PRODUCTS, LLC, and
PAR PHARMACEUTICAL
COMPANIES, INC.,

               Defendants.

No. 2:16-cv-04544 (SDW) (LDW)

**[PROPOSED] ORDER GRANTING JOINT MOTION TO PERMANENTLY SEAL CONFIDENTIAL INFORMATION CONTAINED IN DOCKET NUMBERS 256 AND 257 WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW**

THIS MATTER, having been opened to the Court jointly by Plaintiff

Fresenius Kabi USA, LLC, ("Fresenius") and Defendants Par Pharmaceutical, Inc.

and Par Sterile Products, LLC ("Par") (collectively "the parties"), by way of a joint

motion for an Order pursuant to Local Civil Rules 5.3(c), to permanently seal

certain portions of confidential supplemental summary judgment briefing filed by

Fresenius and Par, which were filed with the Court under temporary seal; and the

parties having publicly filed redacted versions of their supplemental summary

judgment briefing; and the Court having considered the submissions in support of

the Joint Motion to Permanently Seal Confidential Information Contained in

Docket Numbers 256 and 257 and the factors contained in Local Civil Rule 5.3(c);

the Court makes the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

1.      On July 12, 2019, August 15, 2019, and September 5, 2019, the

parties filed their respective summary judgment motion briefing materials under

temporary seal.  (Dkt. Nos. 150–52, 154, 163–64, 167–73, 176, 179–85, 188–92,

194–96, 199, 201–02.)

2.      The parties then filed a Consolidated Motion to Seal Confidential

Information contained in their respective summary judgment briefings, pursuant to

the Court's December 3, 2019 Order (Dkt. No. 225).  That order granted the

parties' request to withdraw their September 19, 2019 joint motion to seal and

granted leave to refile the motion in accordance with the terms proposed in the

parties' November 26, 2019 joint letter.

3.      The Court granted the parties' Consolidated Motion to Seal

Confidential Information contained in their respective summary judgment briefings

on March 5, 2020.  (*See* Dkt. No. 242.)

4.      On January 11, 2021, the United States Court of Appeals for the Third

Circuit vacated and remanded the Court's February 25, 2020 Order on summary

judgment.  (*See* Dkt. Nos. 241, 248.)

5.      On March 5, 2021, the Court ordered supplemental summary

judgment briefing.  (*See* Dkt. No. 255.)

6.      On April 9, 2021, Par filed its supplemental summary judgment briefing under temporary seal.  (*See* Dkt. No. 256.)

7.      On May 10, 2021, Fresenius filed its supplemental summary judgment briefing under temporary seal.  (*See* Dkt. Nos. 257.)

8.      The parties now file a Joint Motion to Permanently Seal Confidential Information Contained in Docket Numbers 256 and 257 to seal their respective supplemental summary judgment briefings.  The Joint Motion to Permanently Seal Confidential Information Contained in Docket Numbers 256 and 257 is also made in accordance with the Court's December 3, 2019 Order (Dkt. No. 225) regarding the procedure for sealing summary judgment materials.

9.      Pursuant to Local Civil Rule 5.3(c)(2), the parties have conferred regarding the materials and information that are the subject of the motion to seal. The parties have agreed upon the instant motion and are not aware of any objections.

10.      On May 24, 2021, the parties filed on the public docket redacted versions of their supplemental summary judgment briefing.  (*See* Dkt. Nos. 258, 259.)

11.      The redacted versions of the supplemental summary judgment briefing contain redactions that identify the topics that warrant sealing the redacted information.  The bases for sealing and the clearly defined and serious injury that

would result if relief is not granted are explained in the accompanying **Exhibit A**, Topic Index.

12.    Local Civil Rule 5.3(c) authorizes the Court to seal and/or otherwise restrict public access to materials submitted in support of a motion.

13.    The parties seek to permanently seal confidential materials related to proprietary trade secrets identified as Topic A in the Topic Index.  These materials contain and/or reference proprietary technical information not generally known or reasonably ascertainable by the public, including but not limited to product formulation, product development, and research and development efforts.

14.    The parties seek to permanently seal confidential materials related to financial information identified as Topic B in the Topic Index.  These materials contain and/or reference financial information (including sales, pricing, or inventory data), analysis, or discussions regarding past or projected financial performance.

15.    The parties seek to permanently seal confidential materials related to supplier relationships identified as Topic C in the Topic Index.  These materials contain and/or reference sensitive internal discussions regarding or communications with the parties' suppliers, including but not limited to negotiations, agreements, contracts, and purchase orders from API suppliers.

16.     The parties seek to permanently seal confidential materials related to customer relationships identified as Topic D in the Topic Index.  These materials contain and/or reference internal discussions regarding or communications with customers, including but not limited to customer complaints, negotiations, agreements, contracts, and purchase orders from customers.

17.     The parties seek to permanently seal confidential materials related to regulatory information identified as Topic E in the Topic Index.  These materials contain and/or reference sensitive regulatory submissions and communications between the parties and government agencies that reveal sensitive internal business information.

18.     The parties seek to permanently seal confidential materials related to business strategy identified as Topic F in the Topic Index.  These materials contain and/or reference information related to business strategy including, but not limited to, analyses, plans, or other discussions regarding product research, product development, manufacturing, product launch, sales, pricing, marketing, market and competition dynamics, supplier and customer dynamics, or potential acquisitions.

19.     The parties seek to permanently seal confidential materials related to personal private information of non-party individuals identified as Topic G in the Topic Index.  These materials contain and/or reference personal information, such as personal financial information, that should be sealed for privacy concerns.

20.     The parties seek to permanently seal confidential materials related to expert opinion or testimony that reveal information regarding a party's actual or hypothetical business decisions identified as Topic H in the Topic Index.  Similar to Topic F materials, these materials contain and/or reference expert opinion related to the parties' business strategy such as expert opinion of the content and timing of a party's hypothetical business decisions.

21.     The parties seek to permanently seal confidential materials related to expert opinion or testimony that reveal information regarding actual or hypothetical economic, market and/or competitive dynamics identified as Topic I in the Topic Index.  Similar to Topic B materials, these materials contain and/or reference expert opinion or testimony relevant to the parties' financial information (including sales, pricing, or inventory data), analysis, or discussions regarding past or projected financial performance.

22.     The parties seek to permanently seal confidential materials related to expert opinion or testimony that reveal information regarding estimated damages, financial and/or economic information identified as Topic J in the Topic Index. Similar to Topic B materials, these materials contain and/or reference expert opinion or testimony relevant to the parties' financial information (including sales, pricing, or inventory data), analysis, or discussions regarding past or projected financial performance.

23.     The parties seek to permanently seal confidential materials related to expert opinion or testimony that reveal information regarding patent validity or infringement identified as Topic K in the Topic Index.  These materials contain and/or reference highly confidential and sensitive competitive information that reveal sensitive competitive information regarding patent validity or infringement, including but not limited to expert opinion regarding the likelihood of success in patent litigation.

24.     The parties seek to permanently seal confidential materials produced by, or deposition testimony from Bachem Americas, Inc., and Bachem AG (together, "Bachem") identified as Topic L in the Topic Index.  These materials contain and/or reference Bachem's highly confidential and competitively sensitive business information, trade secrets, and business strategies, as well as information received in confidence from other non-parties.  Such materials contain and/or reference proprietary, confidential, and sensitive business information regarding Bachem's business relationships, and the research, development, manufacture, governmental approval, marketing, purchase, and sale of proprietary products. Bachem produced documents or testified in deposition in reliance on confidentiality provisions of the Discovery Confidentiality Order (Dkt. No. 55).

25.     The parties seek to permanently seal confidential materials produced by, or deposition testimony from Polypeptides Laboratories, Inc., and PolyPeptide

Laboratories Sweden AB (together "PolyPeptide") identified as Topic M in the Topic Index.  Those materials contain and/or reference confidential information regarding business agreements, testing, business strategy, summaries of meetings with potential business partners, ANDA filings with governmental entities, and business strategy.

26.     The parties seek to permanently seal confidential materials produced by, or deposition testimony from BCN Peptides, S.A. ("BCN") identified as Topic N in the Topic Index.  These materials contain and/or reference highly confidential and competitively sensitive business information, trade secrets, business strategies, as well as information received in confidence from other non-parties.  Such materials contain and/or reference proprietary, confidential, and sensitive business information regarding BCN's business relationships, and the research, development, manufacture, governmental approval, marketing, purchase, and sale of proprietary products.  BCN produced documents or testified in deposition in reliance on confidentiality provisions of the Discovery Confidentiality Order (Dkt. No. 55).

27.     The parties seek to permanently seal confidential materials produced by Eagle Pharmaceuticals, Inc. ("Eagle") identified as Topic O in the Topic Index. These materials contain and/or reference Non-Party Eagle's propriety commercial and business interest, including competitively sensitive business information

concerning Eagle's confidential supplier relationships for the active

pharmaceutical ingredient in its ANDA product, which is the type of information

that Eagle maintains in strict confidence in light of the highly competitive

pharmaceutical marketplace.

28.    The parties seek to permanently seal confidential materials produced

by Sandoz Inc. ("Sandoz") identified as Topic P in the Topic Index.  The

documents Sandoz produced in this matter contain sensitive, proprietary business

information about proprietary and confidential product formulations, launch and/or

supply strategies, and other sensitive information.

## CONCLUSIONS OF LAW

29.    Local Civil Rule 5.3(c) authorizes the Court to seal and/or otherwise

restrict public access to materials submitted in support of a motion and allows a

court to consider:

> (a) the nature of the materials . . . at issue; (b) the legitimate private or public
> interest which warrants the relief sought; (c) the clearly defined and serious
> injury that would result if the relief sought is not granted; (d) why a less
> restrictive alternative to the relief sought is not available; (e) any prior order
> sealing the same materials in the pending action; and (f) the identity of any
> party or nonparty known to be objecting to the sealing request.

30.    There is "a common law public right of access to judicial proceedings

and records."  *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).  A movant

must demonstrate that "good cause" exists to seal the requested records in order to

overcome the presumption favoring a public right of access. *Securimetrics, Inc. v. Iridian Technologies, Inc.*, No. 03–4394, 2006 WL 827889, at *2 (D.N.J. Mar.30, 2006). "Good cause means 'that disclosure will work a clearly defined and serious injury to the party seeking closure; [t]he injury must be shown with specificity.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 673 (3d Cir. 2019) (citing *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

31.    For materials identified as Topic A, the parties have a strong and legitimate basis for permanently sealing these highly confidential and competitively sensitive materials and these materials do not concern any public officials or contain information of public concern.

32.    Further, the parties will suffer clearly defined and serious irreparable injury if the materials identified as Topic A are not permanently sealed.  Public disclosure will harm the parties' current and prospective businesses by allowing competitors to gain improper and unfair competitive advantage in the highly competitive pharmaceutical industry as well as potentially damage the parties' business relationships and goodwill, thereby causing significant financial damage or other irreparable harm.  For example, a competitor would use secret information about the parties' product formulation and development to unfairly develop competing products that harm a party's competitive standing.  *See Mine Safety*

*Appliances Co. v. North River Ins. Co.*, No. 2:09-cv-348, 73 F. Supp. 3d 544, 560

(W.D. Penn. Mar. 31, 2014) ("The traditional form of confidential commercial

information that militates against disclosure is the existence of trade secrets where

disclosure would create a sufficient threat of irreparable harm.") (citation omitted).

33.    For materials identified under Topic B, the parties have a strong and

legitimate basis for permanently sealing these highly confidential and

competitively sensitive materials and these materials do not concern any public

officials or contain information of public concern.

34.    Further, the parties will suffer clearly defined and serious irreparable

injury if the materials identified as Topic B are not permanently sealed.  Public

disclosure will harm the parties' current and prospective businesses by allowing

competitors to gain improper and unfair competitive advantage in the highly

competitive pharmaceutical industry as well as potentially damage the parties'

business relationships and goodwill, thereby causing significant financial damage

or other irreparable harm.  For example, competitors would use the confidential

information about the parties' current or past financial, sales, pricing, or inventory

information to strategically enhance their market or negotiation position.  *See*

*Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 WL 15909, at *3 (D.N.J. Jan. 3,

2012) ("District Courts in the Third Circuit have also repeatedly found serious

harm in disclosing financial information which would injure a party's standing in

- 11 -

the competitive marketplace.") (citing *Hershey Co. v. Promotion in Motion, Inc.*,

No. 07–1601, 2010 WL 1812593, at *3 (D.N.J. May 4, 2010); *Mars, Inc. v. JCM*

*Am. Corp.*, No. 05–3165, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007); *Faulman*

*v. Sec. Mut. Fin.*, No. 04–5083, 2006 WL 1541059, at *1 (D.N.J. June 2, 2006);

*Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, No. 03–6025, 2007 WL

2085350, at *8 (D.N.J. July 18, 2007)).

35.     For materials identified as Topic C, the parties and non-parties

referenced in the materials have a strong and legitimate basis for permanently

sealing these highly confidential and competitively sensitive materials and these

materials do not concern any public officials or contain information of public

concern.

36.     Further, the parties and non-parties will suffer clearly defined and

serious irreparable injury if the materials identified as Topic C are not permanently

sealed.  Public disclosure will harm the parties' and non-parties' current and

prospective businesses by allowing competitors to gain improper and unfair

competitive advantage in the highly competitive pharmaceutical industry as well as

potentially damage the parties' business relationships and goodwill, thereby

causing significant financial damage or other irreparable harm.  For example,

competitors would use the confidential information regarding a party's

communications, strategies, negotiations, and agreements with suppliers to damage

the party's relationship with its suppliers in order to enhance the competitors' market or negotiation position. *See Laidlaw, Inc. v. Student Transp. of Am., Inc.*, 20 F. Supp. 2d 727, 766 (D.N.J. 1998) ("Generally, the loss of good will, the disclosure of confidential and proprietary information, and the interference with customer relationships may be the basis for a finding of irreparable harm."); *Alexander Interactive Inc. v. Adorama, Inc.*, No. 12-civ-6608, 2014 WL 4346174, at *2 (S.D.N.Y. Sep. 2, 2014) (finding sealing justified because the "non-public information about pricing, credit, and termination terms, which, if made public, could adversely effect Samsung's relationships with other dealer-customers, as well as Adorama's relationships with other suppliers").

37.    For materials identified as Topic D, the parties and non-parties referenced in the materials have a strong and legitimate basis for permanently sealing these highly confidential and competitively sensitive materials and these materials do not concern any public officials or contain information of public concern.

38.    Further, the parties and non-parties will suffer clearly defined and serious irreparable injury if the materials identified as Topic D are not permanently sealed.  Public disclosure will harm the parties' and non-parties' current and prospective businesses by allowing competitors to gain improper and unfair competitive advantage in the highly competitive pharmaceutical industry as well as

potentially damage the parties' business relationships and goodwill, thereby causing significant financial damage or other irreparable harm.  For example, competitors would use confidential information regarding a party's communications, strategies, negotiations, and agreements to damage the party's relationship with its customers in order to enhance the competitors' market or negotiation position.  *See Saturn Wireless Consulting, LLC v. Aversa*, No. 17-1637, 2017 WL 1538157, at *20 ("Saturn has a legitimate interest in keeping its customer-specific confidential information from competitors . . . and in protecting its investment in customer relationships and goodwill."); *Laidlaw*, 20 F. Supp. 2d at 766 ("Generally, the loss of good will, the disclosure of confidential and proprietary information, and the interference with customer relationships may be the basis for a finding of irreparable harm.").

39.     For materials identified as Topic E, the parties have a strong and legitimate basis for permanently sealing these highly confidential and competitively sensitive materials and these materials do not concern any public officials or contain information of public concern.

40.     Further, the parties will suffer clearly defined and serious irreparable injury if the materials identified as Topic E are not permanently sealed.  Public disclosure will harm the parties' current and prospective businesses by allowing competitors to gain improper and unfair competitive advantage in the highly

competitive pharmaceutical industry as well as potentially damage the parties'

business relationships and goodwill, thereby causing significant financial damage

or other irreparable harm.  For example, competitors would use confidential

information from a party's regulatory communications or submissions regarding

product formulation and development details, business strategies, and anticipated

product launch information to harm the party's competitive standing.  *See Bracco*,

2007 WL 2085350, at *5 (granting a motion to seal a party's correspondence with

the FDA because it had "a legitimate public interest in protecting non-public

correspondence with the governmental agency primarily responsible for its

regulation," and therefore, the party "would face a serious injury if the regulatory

documents were available for public access").

41.     For materials identified as Topic F, the parties have a strong and

legitimate basis for permanently sealing these highly confidential and

competitively sensitive materials and these materials do not concern any public

officials or contain information of public concern.

42.     Further, the parties will suffer clearly defined and serious irreparable

injury if the materials identified as Topic F are not permanently sealed.  Public

disclosure will harm the parties' current and prospective businesses by allowing

competitors to gain improper and unfair competitive advantage in the highly

competitive pharmaceutical industry as well as potentially damage the parties'

business relationships and goodwill, thereby causing significant financial damage or other irreparable harm.  For example, competitors would easily use the confidential information regarding a party's business strategy to strategically undercut a party's business goodwill and relationships with suppliers, customers, or other third-parties in order to enhance the competitors' market or negotiation position.  *See Curlin Medical Inc. v. ACTA Medical, LLC*, 2:16-cv-02464, 2017 WL 2729268, at *3 (D.N.J. Jan. 5, 2017) (granting the parties' motion to seal because "the confidential materials contain valuable, proprietary, and highly sensitive business information relating to the parties' respective businesses, including but not limited to financial information, business strategies, research and development, business relationships, customer information, and pricing information.").

43.     For materials identified as Topic G, non-party individuals have a strong and legitimate basis for permanently sealing these materials to protect the privacy interests of certain individuals and will suffer a clearly defined and serious irreparable injury if the materials identified as Topic G are publicly disclosed.  *See Barnes v. Hauck*, No. 12-2705, 2013 WL 3216171, at *1 (D.N.J. June 23, 2013) ("[T]here is a clear interest to protect the confidentiality and privacy concerns of Petitioner that outweighs any public interest . . . .").

44.    For materials identified as Topic H, the parties have a strong and legitimate basis for permanently sealing these highly confidential and competitively sensitive materials and these materials do not concern any public officials or contain information of public concern.

45.    Further, the parties will suffer clearly defined and serious irreparable injury if the materials identified as Topic H are not permanently sealed.  Public disclosure will harm the parties' current and prospective businesses by allowing competitors to gain improper and unfair competitive advantage in the highly competitive pharmaceutical industry as well as potentially damage the parties' business relationships and goodwill, thereby causing significant financial damage or other irreparable harm.  For example, competitors would use expert opinion about a party's Abbreviated New Drug Application ("ANDA") regulatory filing with the FDA to strategically undercut a party's business goodwill and relationships with suppliers, customers, or other third-parties in order to enhance the competitors' market or negotiation position.  *See Curlin Medical Inc.*, 2017 WL 2729268, at *3 (granting the parties' motion to seal because "the confidential materials contain valuable, proprietary, and highly sensitive business information relating to the parties' respective businesses, including but not limited to financial information, business strategies, research and development, business relationships, customer information, and pricing information").

46.    For materials identified as Topic I, the parties have a strong and legitimate basis for permanently sealing these highly confidential and competitively sensitive materials and these materials do not concern any public officials or contain information of public concern.

47.    Further, the parties will suffer clearly defined and serious irreparable injury if the materials identified as Topic I are not permanently sealed.  Public disclosure will harm the parties' current and prospective businesses by allowing competitors to gain improper and unfair competitive advantage in the highly competitive pharmaceutical industry as well as potentially damage the parties' business relationships and goodwill, thereby causing significant financial damage or other irreparable harm.  For example, competitors would use expert opinion about a party's estimated hypothetical market shares, price, sales, or price margins to deduce a party's actual or projected financial performance to strategically enhance their market or negotiation position. *See Goldenberg*, 2012 WL 15909, at *3 ("District Courts in the Third Circuit have also repeatedly found serious harm in disclosing financial information which would injure a party's standing in the competitive marketplace.") (citing *Hershey*, 2010 WL 1812593, at *3; *Mars*, 2007 WL 496816, at *2; *Faulman*, 2006 WL 1541059, at *1; *Bracco*, 2007 WL 2085350, at *8).

48.     For materials identified as Topic J, the parties have a strong and legitimate basis for permanently sealing these highly confidential and competitively sensitive materials and these materials do not concern any public officials or contain information of public concern.

49.     Further, the parties will suffer clearly defined and serious irreparable injury if the materials identified as Topic J are not permanently sealed.  Public disclosure will harm the parties' current and prospective businesses by allowing competitors to gain improper and unfair competitive advantage in the highly competitive pharmaceutical industry as well as potentially damage the parties' business relationships and goodwill, thereby causing significant financial damage or other irreparable harm.  For example, competitors would use expert opinion about a party's estimated damages to deduce a party's actual or projected financial performance to strategically enhance their market or negotiation position.  *See Goldenberg*, 2012 WL 15909, at *3 ("District Courts in the Third Circuit have also repeatedly found serious harm in disclosing financial information which would injure a party's standing in the competitive marketplace.") (citing *Hershey*, 2010 WL 1812593, at *3; *Mars*, 2007 WL 496816, at *2; *Faulman*, 2006 WL 1541059, at *1; *Bracco*, 2007 WL 2085350, at *8).

50.     For materials identified as Topic K, the parties have a strong and legitimate basis for permanently sealing these highly confidential and

competitively sensitive materials and these materials do not concern any public officials or contain information of public concern.

51.     Further, the parties will suffer clearly defined and serious irreparable injury if the materials identified as Topic K are not permanently sealed.  Public disclosure will harm the parties' current and prospective businesses by allowing competitors to gain improper and unfair competitive advantage in the highly competitive pharmaceutical industry as well as potentially damage the parties' business relationships and goodwill, thereby causing significant financial damage or other irreparable harm.  For example, competitors would use expert opinion about the likelihood of success in patent litigation to assert new patent invalidity or infringement claims against the parties.

52.     For materials identified as Topic L, Bachem and the parties have a strong and legitimate basis for permanently sealing this material.  Bachem and the parties will suffer a clearly defined and serious irreparable injury if the materials identified as Topic L are not permanently sealed.  These materials contain and/or reference sensitive customer relationships with non-parties that could be adversely affected if these materials were made public.  If these materials are not permanently sealed, public disclosure will cause harm to Bachem's and the parties' current and prospective businesses, including, but not limited to, unfair advantage to competitors with knowledge of Bachem's and the parties' relationships as well

as damage to those relationships, causing potentially significant financial damage or other irreparable harm.

53.     For materials identified as Topic M, Polypeptide and the parties have a strong and legitimate basis for permanently sealing this material.  PolyPeptide and the parties will suffer a clearly defined and serious irreparable injury if the materials identified as Topic M are not permanently sealed because public disclosure of its non-party PolyPeptide Confidential Information would permit competitors to potentially and likely use such information to PolyPeptide's or the parties' detriment.

54.     For materials identified as Topic N, BCN and the parties have a strong and legitimate basis for permanently sealing this material.  BCN and the parties will suffer a clearly defined and serious irreparable injury if the materials identified as Topic N are not permanently sealed.  These materials contain and/or reference sensitive customer relationships with non-parties that could be adversely affected if these materials were made public.  If these materials are not permanently sealed, public disclosure of this information will cause harm to BCN's and the parties' current and prospective businesses, including, but not limited to, unfair advantage to competitors with knowledge of BCN's and the parties' relationships as well as damage to those relationships, causing potentially significant financial damage or other irreparable harm.

55.     For materials identified as Topic O, Eagle and the parties have a strong and legitimate basis for permanently sealing this material.  Eagle and the parties will suffer a clearly defined and serious irreparable injury including but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm if any of the confidential proprietary, commercial, and competitively sensitive business information . . . is publicly disclosed.  For example, competitors would improperly and unfairly benefit from the disclosure of Non-Party Eagle's non-public competitively sensitive business information and would likely use the confidential information to enhance their market or negotiation position and cause Eagle to lose its competitive advantage in obtaining necessary active pharmaceutical ingredient supplies in the highly competitive pharmaceutical industry.

56.     For materials identified as Topic P, Sandoz and the parties have a strong and legitimate basis for permanently sealing this material.  Sandoz has a legitimate private interest in seeking to restrict access to this sensitive and valuable business information.  There is little, if any, public interest in disclosing Sandoz' competitively sensitive propriety business information.  These two documents are of the type that pharmaceutical companies generally treat as confidential and the Discovery Confidentiality Order entered by this Court on June 20, 2017 (Dkt. No. 55) specifically allows such information to be kept confidential.

57.     Further, if filed on the docket, the information contained in the materials identified as Topic P will reveal the confidential details of Sandoz' business and proprietary information, including information regarding product formulation and launch and/or supply strategies, and make this information available to competitors.  Disclosure of this information will cause irreparable harm to Sandoz' business and future business plans, and could result in lost business.  These documents contain confidential information throughout and, thus, there is no practicable less restrictive alternative to sealing these documents in their entirety.

58.     For all materials to be permanently sealed identified as Topics A-P, no less restrictive alternative to the requested relief is presently available or practicable.  The parties have filed redacted, publicly available versions of their supplemental summary judgment briefing with information that contains and/or references Confidential Materials redacted.  (*See* Dkt. Nos. 258, 259.)  Therefore, the public interest in having access to the non-confidential portions of the parties' summary judgment briefing materials has been served.  *See CDK Global, LLC v. Tulley Automotive Group, Inc.*, No. 15–3103 (KM), 2017 WL 870400, at *4 (D.N.J. March 3, 2017) (finding that the parties were in the "best position to judge the sensitivity and importance of the documents in question" when proposing redactions of confidential information).

- 23 -

59.    The parties, non-parties, and the Court have expended considerable time, effort, and resources in negotiating and seeking Court approval for various confidentiality orders in order to safeguard and protect the confidentiality of this information.  *See* Joint Letter Regarding Stipulated Discovery Confidentiality Order (Dkt. No. 54); Stipulated Discovery Order Discovery (Dkt. No. 55); Joint Letter Regarding Non-Party Eagle Confidential Information (Dkt. No. 122); Order Regarding Non-Party Eagle Confidential Information (Dkt. No. 123); Order for Discovery Dispute Regarding Non-Party Eagle's Confidential Information (Dkt. No. 131).

60.    On March 5, 2020, the Court granted the parties' Joint Motion to Permanently Seal Confidential Information regarding materials from the parties' summary judgment briefings.  (*See* Dkt. No. 242.)

61.    For the above reasons, good cause exists for the entry of an Order permanently sealing Confidential Materials submitted by the parties under Local Civil Rule 5.3(c).

**THEREFORE**, for the above reasons, it is on this _____ day of

_____, 2021,

**ORDERED** that the Parties' Joint Motion to Permanently Seal Confidential

Information Contained in Docket Numbers 256 and 257, pursuant to Local Civil

Rule 5.3(c) is hereby **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to seal docket entries 256

and 257.


_____
HON. LEDA DUNN WETTRE
United States Magistrate Judge